UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

                                                    DECISION AND ORDER
          -v-                                         05-CR-6116 CJS

PAUL E. KNIGHT

_____

On May 29, 2013, the Court received a motion, dated May 21, 2013, from defendant Paul Knight, proceeding *pro se*. Knight is presently incarcerated in the custody of the Federal Bureau of Prisons. Liberally construing the application, Knight is seeking two forms of relief. First, he is seeking an order permitting him to join in the § 2255 motion filed by his co-defendant, Melvin Lyttle. That application is denied. *See, Casiano v. U.S.*, No. 3:11-cv-73 (MRK), 2011 WL 5570786 at * (D.Conn. Nov. 16, 2011) (Denying defendant's motion to join co-defendant's § 2255 motion: "Mr. Casiano's Motion to Join [doc. # 14] is DENIED, since 28 U.S.C. § 2255 only provides a means to challenge one's own sentence, not that of someone else.") (citation omitted). If Mr. Knight wishes to pursue a collateral attack under 28 U.S.C. § 2255, he will have to file his own motion under that statute.

Second, Knight requests an order "directing the Federal Bureau of Prisons to transmit to this Court [his] full medical records." Knight asks for this relief in support of his request to join in Lyttle's § 2255 motion. Specifically, Knight contends that he should be permitted to join in Lyttle's § 2255 motion because he claims to be "physically incapable [of] perform[ing] the necessary, proper, and required legal research, drafting, and typing or handwriting of [his] own" § 2255 motion, and he hopes to establish that fact by using his medical records. The nature of Knight's alleged health problems is unspecified. This

application is also denied, since the Court is denying Knight's motion to join in Lyttle's § 2255 motion.

To the extent that Knight's motion could be viewed as a motion to extend his time to file a § 2255 motion due to his health problems, such motion is premature since "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition *until a petition is actually filed*." *Green v. U.S.*, 260 F.3d 78, 82 (2d Cir. 2001) (emphasis added). A district court may consider a motion for an extension of time to file a § 2255 motion only if "the moving party requests the extension *upon or after filing an actual section 2255 motion*." *Id*. (emphasis added). Even then, the Court may only grant an extension of time, based on equitable tolling, in "rare and exceptional circumstances." *Id*. at 8.

In *Green v. U.S.*, the Court held that in some cases, a court may liberally construe a *pro se* motion seeking an extension of time to file a § 2255 motion as an actual § 2255 motion, where the application "contains allegations sufficient to support a claim under § 2255." *Id.*, 260 F.3d at 83. Here, though, Knight's application does not set forth any substantive allegations to support a § 2255 motion on his behalf. That is, he does not explain why *he* is entitled to relief under § 2255. At most, the application could be understood to adopt Lyttle's arguments, but Knight's intention on that point is not clear. Accordingly, the Court declines to treat Knight's motion as a § 2255 motion.

Knight will therefore have to file his own § 2255 motion. In that regard, 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f) (West 2013). The Court assumes that in the instant action, the one-year period will run from the date that Knight's conviction became final. On that point,

> [a] judgment of conviction becomes final for purposes of § 2255 'when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Burrell v. United States*, 467 F.3d 160, 164 (2d Cir.2006) (*quoting Moshier v. United States*, 402 F.3d 116, 118 (2d Cir.2005) (internal citation omitted); *see also United States v. Clay*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Under Supreme Court Rule 13, a petition for a writ of certiorari must be filed within 90 days after the entry of judgment by the Court of Appeals. *See* S.Ct. R. 13(1). Rule 13 also provides that the 90 days runs "from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." S.Ct. R. 13(3).

*Morales v. U.S.*, No. 07 CV 577 LAP, 02 CR 1409 LAP, 2007 WL 1412338 at *4 (S.D.N.Y. May 11, 2007).

In the instant case, the Second Circuit affirmed Knight's conviction on February 1, 2012. Ninety days after that was May 1, 2012. Therefore, to be timely, Knight's § 2255

motion needed to be filed within a year after that day, or by May 1, 2013. Knight obviously did not comply with that filing deadline. Nevertheless, as discussed above, Knight may still file a late § 2255 motion and request equitable tolling, though such relief is very difficult to obtain. As noted earlier, such application should *both* set forth the substantive arguments in support of the § 2255 motion *and* the grounds for equitable tolling, if any. In that regard, to the extent that Knight is maintaining that his unspecified health problems prevented him from complying with the filing deadline, he should explain and attach any supporting documentation. It appears that Knight can obtain his own medical records from the Bureau of Prisons without an order from this Court. *See, e.g., Bransgaard v. U.S. Bureau of Prisons Health Service Staff*, No. 5:11–CT–3122–FL, 2012 WL 3732822 at *8 (E.D.N.C. Aug. 28, 2012) (Indicating that federal prisoner could obtain his medical records from the institution's medical records department).

SO ORDERED.

Dated: June 5, 2013
       Rochester, New York

    /s/ Charles J. Siragusa
    CHARLES J. SIRAGUSA
    United States District Judge